# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| NINA SHAHIN, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **C.A. No.: K25C-11-027 NEP** |
| | ) | |
| STATE OF DELAWARE, | ) | |
| | ) | |
| **Defendant.** | ) | |

Submitted: March 30, 2026
Decided: June 22, 2026

## ORDER[1]

***Upon Defendant's Motion to Dismiss***
**GRANTED**

***Upon Plaintiff's Request to the Court to Issue Court Order to Make Her
Probation Invalid***
**DENIED**

***Upon Plaintiff's Petition for Writ of Habeas Corpus***
**DENIED**

Upon consideration of the State's Motion to Dismiss, Plaintiff's Request to the Court to Issue Court Order to Make Her Probation Invalid, Plaintiff's Petition for Writ of Habeas Corpus, and the related submissions filed by the parties, the Court finds as follows:

1.     On November 24, 2025, Plaintiff Nina Shahin ("Shahin") filed a Complaint against the State of Delaware.  The Complaint is difficult to follow, but

---

[1] Citations in the form of "D.I. ___" refer to docket items.

appears to assert claims for "illegal charges, illegal arrest, and harassment" arising from an October 2024 incident involving officers of the Dover Police Department ("DPD"), Shahin's later prosecution in the Court of Common Pleas,[2] and Shahin's dissatisfaction with the response to a "citizen complaint" she submitted concerning the officers' conduct.[3] Shahin seeks compensation for the "financial burden [Shahin] and her husband carried in this lawsuit and the payment she ordered [sic] under the decision of the Court of Common Pleas."[4]

2.      While the Complaint names only the State as a defendant, the allegations regarding "illegal charges" and "illegal arrest" principally concern the actions of two DPD officers named in the body of the Complaint.[5] The Complaint itself does not identify a specific act or omission by the State, a State agency, or a State officer that caused the alleged illegal charges, arrest, or harassment.

3.      On January 29, 2026, Shahin filed a document entitled "Clarification of the Legal Basis of the Case and the Request for Specific Compensation" (hereinafter the "First Clarification").[6] In the First Clarification, Shahin asserts alleged constitutional violations arising from Court of Common Pleas proceedings on November 5, 2025, including violations of due process, equal protection, and fair trial rights under the Fifth, Sixth, and Fourteenth Amendments,[7] and further alleges that the presiding judicial officer in the Court of Common Pleas prevented her from presenting facts and legal arguments, denied her an opportunity to present a closing argument, and otherwise caused the jury to hear only one side of the case.[8] She also

---

[2] Based on the record before the Court, it appears Shahin's allegations regarding the Court of Common Pleas stem from Court of Common Pleas Case No. 2411004444.

[3] *See* Compl. 2 (D.I. 1); *see also* Ex. A.

[4] *Id.*

[5] *Id.*

[6] First Clarification (D.I. 9).

[7] *Id.* at 1–2.

[8] *Id.*

expresses dissatisfaction regarding the terms of a probation imposed by the Court of Common Pleas and the lack of a response to her "Citizen's Complaint Form."[9]

4. On January 30, 2026, the State filed a Motion to Dismiss Complaint for Failure to State a Claim pursuant to Superior Court Civil Rule 12(b)(6).[10] The State argues, *inter alia*, that the Complaint fails to assert any cognizable claim against the State because the Complaint does not allege any conduct attributable to the State, any State agency, or any State actor.[11]

5. On February 12, 2026, Shahin filed an "Addition to Her 'Clarification of the Legal Basis' Motion" (hereinafter the "Second Clarification").[12] In her Second Clarification, Shahin seeks to supplement the allegations of her January 29, 2026, Complaint by "add[ing] legal background of assault made at her [sic] by a neighbor whose name [O]fficer Gott failed to ask and provide to the Court of Common Pleas . . . ."[13] Shahin asserts that her neighbor's alleged conduct, rather than Shahin's conduct, should have been presented during her proceedings in the Court of Common Pleas.[14]

6. On February 13, 2026, Shahin filed her response to the State's Motion to Dismiss.[15] In it, Shahin argues, *inter alia*, that the State's Motion to Dismiss is "fraudulent" because, in her view, the First Clarification supplied a sufficient legal basis for her claims by alleging violations of her constitutional rights during the Court of Common Pleas proceedings.[16] Notably, Shahin concedes in her response that she failed to file a timely appeal from the judgment of the Court of Common

---

[9] *Id.* at 3–4.
[10] D.I. 10.
[11] Mot. to Dismiss ¶¶ 9–11 (D.I. 10).
[12] D.I. 16.
[13] Second Clarification 1 (D.I. 16).
[14] *Id.* at 1–2.
[15] D.I. 17.
[16] Pl.'s Obj. to the Def.'s Mot. to Dismiss 1–2 (D.I. 17).

3

Pleas, and that the instant civil action functions as an attempt to obtain relief from that judgment outside the appellate process.[17]

7.  On February 16, 2026, the State moved for leave to file a reply in further support of its Motion to Dismiss,[18] which the Court allowed on February 26, 2026.[19]

8.  On February 19, 2026, Shahin filed a document entitled "Plaintiff's Request to This Court to Issue Court Order to Make Her Probation Invalid" (hereinafter the "Probation Request").[20]  There, Shahin asserts, *inter alia*, that the terms of probation imposed by the Court of Common Pleas "added insults to injury" because, according to Shahin, she was the victim of multiple crimes, was wrongfully convicted of an offense she did not commit, and was denied her constitutional rights during the criminal proceedings.[21]

9.  On March 2, 2026, the State filed its response to the Probation Request.[22]  In that filing, the State argues that the Request is legally unsupported and that this Court, exercising its civil jurisdiction, lacks authority to invalidate a sentencing order entered by the Court of Common Pleas.[23]  That same day, the State filed its Reply in Further Support of its Motion to Dismiss, again arguing, *inter alia*, that Shahin's filings do not state any viable claim for relief.[24]

---

[17] *Id.* at 5 ("Plaintiff in this case attempted to file appeal [sic] against the decision of [the Court of Common Pleas] in this Court but was given a [sic] wrong guidance and when she tried to file an appeal she was not allowed to do so but forced to file this civil lawsuit . . . .").

[18] D.I. 21.

[19] D.I. 27.  After the State moved for leave to file a reply, but before the Court granted that motion, Shahin filed "Plaintiff's Objections to the Defendant's Motion for Leave to File Reply in Further Support on Defendant's Motion to Dismiss."  D.I. 23.  In exercising its discretion to grant leave, the Court considered Shahin's objection and found it unpersuasive.

[20] D.I. 25.

[21] Probation Request 1 (D.I. 25).

[22] D.I. 29.

[23] Def.'s Resp. to Probation Request 2–3 (D.I. 29).

[24] Reply in Further Supp. of Mot. to Dismiss Compl. For Failure to State a Claim 3–6 (D.I. 30).

10. On March 9, 2026, Shahin filed a Petition for Writ of Habeas Corpus (hereinafter the "Habeas Petition"), which she indicated was being filed in response to the State's March 2, 2026, filing concerning the Probation Request.[25] The Habeas Petition is difficult to follow, but appears to seek invalidation of Shahin's conviction in the Court of Common Pleas, invalidation of the probationary sentence imposed in that matter, and compensation for alleged psychological, financial, and health-related harms arising from the criminal proceedings.[26]

11. On March 19, 2026, the State filed its Objection to Shahin's Petition for Writ of Habeas Corpus.[27] There, the State argues that relief is unavailable because Shahin does not allege that she is confined or incarcerated and identifies no jurisdictional defect in the Court of Common Pleas sentencing orders.[28]

12. Shahin thereafter filed two additional submissions. On March 26, 2026, she filed a document entitled "Plaintiff's Clarification of Her Prior Request and Additional Legal Justification for Compensation as well as Punitive Damages" (hereinafter the "Third Clarification").[29] In this filing, Shahin represents that she received DPD's written response to her "citizen complaint," asserts that the response reflects "corruption and cover up," and renews her request for compensatory and punitive damages.[30] On March 30, 2026, Shahin filed a document questioning the honesty and competence of State's counsel in connection with the State's March 19, 2026, Objection to Shahin's Petition for Writ of Habeas Corpus.[31]

13. The Court first notes the impropriety of Shahin's repeated filings. As other courts have commented, and the State observes, Shahin has a lengthy history

---

[25] D.I. 32.
[26] *See* Pet. for Writ of Habeas Corpus 6 (D.I. 32).
[27] D.I. 36.
[28] Def.'s Obj. to Pl.'s Pet. for Writ of Habeas Corpus 5–6 (D.I. 36).
[29] D.I. 37.
[30] Third Clarification 1–2 (D.I. 37).
[31] D.I. 40.

of meritless and frivolous litigation.[32] The Delaware Supreme Court has observed in separate decisions that "Shahin has burdened this Court and others with her numerous and meritless filings"[33] and that "it appears that there is fraud and collusion any time the Shahins are dissatisfied with the actions of a court, board, agency, or lawyer."[34] In addition, Superior Court Civil Rule 15(a) provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.[35] Otherwise, a party may amend only by leave of court or by written consent of the adverse party."[36] Here, Shahin filed an initial Complaint and thereafter filed the First Clarification, the Second Clarification, the Objections to the Motion to Dismiss, the Probation Request, the Habeas Petition, the Third Clarification, and an additional notice on March 30, 2026. To the extent those submissions purport to amend the Complaint, Shahin filed them without leave of Court or written consent of the State after exhausting any amendment available as a matter of course under Rule 15(a), thus rendering those attempted amendments procedurally improper.[37]

14. In light of Shahin's *pro se* status, the Court will consider Shahin's subsequent submissions. In doing so, however, the Court does not excuse Shahin

---

[32] *See, e.g.*, *Shahin v. Sam's E., Inc.*, 210 A.3d 127 (TABLE), 2019 WL 1504050, at *2–3 (Del. Apr. 4, 2019) (affirming the Superior Court's judgment against Shahin and noting that, at the time of issuing the decision, Shahin had filed four appeals in the Delaware Supreme Court); *Shahin v. Del-One Del. Fed. Credit Union*, 950 A.2d 659 (TABLE), 2008 WL 2332951, at *1 (Del. June 9, 2008) (affirming the Superior Court's judgment against Shahin and noting that, prior to filing her complaint in October 2006, Shahin had filed lawsuits in other Delaware courts against Del-One alleging identical or nearly identical claims); *Shahin v. City of Dover*, 259 A.3d 1272 (TABLE), 2021 WL 4099434, at *3 (Del. Sept. 8, 2021) (affirming the Superior Court's judgment against Shahin and commenting on the frequency and scope of her litigation history); *Shahin v. Delaware*, 271 F. App'x 257, 2008 WL 850014, at *1 (3d Cir. 2008).
[33] *Sam's E.*, 2019 WL 1504050, at *3.
[34] *City of Dover*, 259 A.3d 1272 (TABLE), 2021 WL 4099434, at *3.
[35] Del. Super. Ct. Civ. R. 15(a).
[36] *Id.*
[37] *See Reylek v. Albence*, 2023 WL 142522, at *6–7 (Del. Super. Jan. 10, 2023).

from compliance with the Court's rules, as *pro se* litigants are bound by the same procedural requirements as represented parties.[38]

15. Considering Shahin's submissions together, Shahin's allegations, taken as true for purposes of this order, are as follows: Following an October 2024 incident involving Shahin and a neighbor, two DPD officers failed to investigate crimes committed against her, failed to obtain or provide the neighbor's name, disregarded facts favorable to Shahin, and caused her to be charged with a crime she did not commit. During the resulting Court of Common Pleas proceedings, the presiding judicial officer prevented her from presenting material facts, controlling law, and her side of the case, thereby violating her rights to due process and equal protection. Additionally, the Delaware Department of Justice pursued the criminal charge in retaliation for a prior complaint she had filed under the Delaware Organized Crime and Racketeering Act, the probationary sentence imposed by the Court of Common Pleas was invalid, and DPD failed to provide a proper response to her "citizen complaint" concerning the officers' conduct. Finally, Shahin was unable to appeal the Court of Common Pleas judgment because she was given incorrect guidance and subsequently prevented from doing so. The events described by Shahin have caused various financial, psychological, and medical harms to her and her husband.

16. Shahin's prayer for relief encompasses $500,000 in compensatory damages, an order invalidating her probation, habeas relief from the Court of Common Pleas judgment, and an order directing DPD to provide the results from its investigation into her "citizen complaint."

17. The Court first addresses Shahin's admission that she did not timely appeal from the decision of the Court of Common Pleas and instead filed this civil action. Pursuant to Superior Court Criminal Rule 39(a), criminal appeals from the

---

[38] *See Webb v. GDWD L. Firm*, 2022 WL 100282, at *1 (Del. Super. Jan. 10, 2022) (citing *Anderson v. Tingle*, 2011 WL 3654531, at *2 (Del. Super. Aug. 15, 2011)).

Court of Common Pleas to this Court must be taken within fifteen days from the date of sentence.[39] Under Delaware law and procedure, "[t]ime is a jurisdictional requirement,"[40] and absent a showing that the failure to file a timely notice of appeal is attributable to court-related personnel and not to the appellant, the Court will not consider an untimely appeal.[41] Additionally, as discussed *supra*, *pro se* litigants are subject to the same rules as represented parties.[42] Consequently, for *pro se* litigants, "procedural requirements will not be relaxed."[43]

18. In the instant case, Shahin has not filed a direct criminal appeal, nor has she identified any court-related personnel who prevented a timely appeal or demonstrated that such personnel are responsible for her missing the deadline. The Court also finds unpersuasive any contention that Shahin was unfamiliar with the procedural requirements governing appeals, given her extensive history in Delaware courts.[44] She has likewise not presented any basis in statute or law on which this Court, sitting in its civil jurisdiction, may excuse her failure to comply with the criminal appellate process. Accordingly, to the extent Shahin seeks review, reversal, invalidation, or damages premised on the invalidity of the Court of Common Pleas judgment or probationary sentence, this civil action is an improper substitute for a timely appeal and may not be used to circumvent the ordinary appellate process.[45]

---

[39] Del. Super. Ct. Crim. R. 39(a).
[40] *McNally v. State*, 168 A.3d 672 (TABLE), 2017 WL 2924207, at *1 (Del. July 7, 2017) (citing *Carr v. State*, 554 A.2d 778, 779 (Del. 1989)).
[41] *Id.* (citing *Bey v. State*, 402 A.2d 362, 363 (Del. 1979)).
[42] *See* supra note 38.
[43] *Griffin v. Ramirez*, 2021 WL 5577261, at *1 (Del. Super. Nov. 30, 2021) (citing *Mikkilineni v. PayPal, Inc.*, 2021 WL 2763903, at *9 n.89 (Del. Super. July 1, 2021) (internal quotation marks omitted)).
[44] *See* supra note 32.
[45] *Cf. Matter of Bordley*, 565 A.2d 279 (TABLE), 1989 WL 88694, at *1 (Del. July 19, 1989) (finding that unexcused neglect in failing to file a timely notice of appeal did not warrant the issuance of a writ of certiorari).

19. The State has filed a Rule 12(b)(6) motion to dismiss. A party may move to dismiss under this Court's Civil Rule 12(b)(6) for failure to state a claim upon which relief can be granted.[46] In ruling on a 12(b)(6) motion, the Court "must draw all reasonable factual inferences in favor of the party opposing the motion."[47] In considering such a motion, "the court will accept all well-pleaded allegations as true."[48] To be well-pleaded, a complaint must include specific allegations of fact,[49] and the Court's review is limited to the well-pleaded allegations in the complaint.[50] Dismissal is warranted "only if it appears with reasonable certainty that the plaintiff could not prove any set of facts that would entitle [her] to relief."[51] However, the Court will "ignore conclusory allegations that lack specific supporting factual allegations."[52]

20. Shahin's filings do not clearly identify separate causes of action. The Complaint refers generally to "illegal charges, illegal arrest, and harassment," and Shahin's later filings add allegations of constitutional violations, retaliation, corruption, and a cover up. Construing those filings liberally, the Court understands Shahin to be attempting to assert claims for civil rights violations under 42 U.S.C. § 1983, false arrest, malicious prosecution, harassment, and failure to investigate or disclose the results of an internal police investigation.

---

[46] Del. Super. Ct. Civ. R. 12(b)(6).

[47] *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005).

[48] *Spence v. Spence*, 2012 WL 1495324, at *2 (Del. Super. Apr. 20, 2012) (citing *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978)).

[49] *Id.* at *2 (citing *White v. Panic*, 783 A.2d 543, 549 (Del. 2001)). *Cf. White*, 783 A.2d at 549 ("At the motion to dismiss stage . . . '[p]laintiffs are entitled to all reasonable factual inferences that logically flow from the particularized facts alleged, but conclusory allegations are not considered as expressly pleaded facts or factual inferences.'" (quoting *Brehm v. Eisner*, 746 A.2d 244, 255 (Del. 2000))).

[50] *Cahill*, 884 A.2d at 458 (citing *In re Santa Fe Pac. Corp. Shareholder Litig.*, 669 A.2d 59, 65 (Del. 1995) (citing *In re Tri-Star Pictures, Inc. Litig.*, 634 A.2d 319, 326 (Del. 1993))).

[51] *Id.* (citing *Spence*, 396 A.2d at 968).

[52] *Ramunno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1998).

21.     The Court first dispenses with Shahin's harassment claim. Delaware does not recognize a civil cause of action for harassment.[53]  As such, any claim of harassment necessarily fails.

22.     Next, each of Shahin's theories suffers from the same threshold defect: Shahin sued only the State of Delaware.  The factual allegations in the Complaint concern the conduct of two DPD officers, DPD's response to Shahin's "citizen complaint," the Court of Common Pleas criminal proceedings, and Deputy Attorneys General at the Delaware Department of Justice.  DPD is not a defendant; the individual DPD officers, though named in the body of the Complaint, are not defendants; and no individual employees of the State have been named as defendants.

23.     As for the party that has actually been sued—the State of Delaware— the State may not be sued without its consent, and Shahin identifies no statute waiving sovereign immunity for the claims she asserts here.[54]  To the extent Shahin's filings can be construed as asserting claims against State officers or employees, 10 *Del. C.* § 4001 also precludes liability for discretionary acts performed in good faith and without gross or wanton negligence, and provides absolute immunity to judges, the Attorney General, and Deputy Attorneys General for civil claims arising from acts or omissions arising out of the performance of their official duties.  For that reason alone, the Complaint fails to state a claim against the State, and, by extension, the Delaware Department of Justice and the Court of Common Pleas.

24.     To the extent Shahin attempts to assert claims against the State under 42 U.S.C. § 1983, those claims also fail.  Section 1983 creates a cause of action

---

[53] *McCambridge v. Bishop*, 2009 WL 3068915, at *3 (Del. Super. Sept. 23, 2009) (citations omitted).

[54] *See, e.g., Hsu v. Wooters*, 2023 WL 6460278, at *2 (Del. Super. Oct. 3, 2023) (citing *Doe v. Coates*, 499 A.2d 1175 (Del. 1985)).

against a "person" who, acting under color of state law, deprives another of rights secured by the United States Constitution or federal law.[55] The State is not a "person" within the meaning of Section 1983, and neither are State entities such as the Court of Common Pleas or the Delaware Department of Justice.[56]

25. As for DPD, Shahin has failed to assert a viable claim against it because the City of Dover, as a municipality, is distinct from the State of Delaware.[57] Even assuming *arguendo* that Shahin had correctly listed DPD as a party, DPD is immunized from suit on "any and all tort claims seeking recovery of damages" under 10 *Del. C.* § 4011. 10 *Del. C.* § 4012 contains three narrowly drawn[58] exceptions to this immunity. "The activities enumerated in § 4012 are an exclusive list and are the only activities to which municipal immunity is waived." Shahin has failed to plead any such exception within her filings. As such, any tort claim of Shahin against DPD would fail.

26. Any Section 1983 claim against DPD based on the conduct of DPD or the two DPD officers named in the Complaint would have fared no better. Municipalities are "persons" within the meaning of Section 1983,[59] and "for the purposes of [S]ection 1983 claims, municipalities and their police departments are

---

[55] *Dufresne v. Camden-Wyoming Fire Co. Inc.*, 2020 WL 2125797, at *3 (Del. Super. May 5, 2020) ("Section 1983 imposes civil liability on one who, under color of state law, deprives another of rights secured by the U.S. Constitution.").

[56] *See Brown v. Day*, 69 A.3d 370 (TABLE), 2013 WL 1633264, at *2 (Del. Feb. 26, 2013) (citations omitted); *Est. of Williams v. Corr. Med. Servs., Inc.*, 2010 WL 2991589, at *4 (Del. Super. July 23, 2010) (the Delaware Department of Correction is not a "person" under Section 1983) (citations omitted).

[57] *Lewis v. Dover Police Dep't*, 2023 WL 4930062, at *1 n.1 (Del. Super. Aug. 2, 2023); *Gregory v. Dover Police Dep't*, 2012 WL 6915204, at *2 n.7 (Del. Super. Dec. 31, 2012); *Breitigan v. State of Delaware*, 2003 WL 21663676, at *2 (D. Del. July 16, 2003).

[58] *Washington v. Wilmington Police Dep't*, 1995 WL 654158, at *3 (Del. Super. Sept. 18, 1995); *see also McCaffrey v. City of Wilmington*, 133 A.3d 536, 547 (Del. 2016) (noting that "exceptions to immunity are narrowly construed[.]") (citing *Walls v. Rees*, 569 A.2d 1161, 1167 (Del. 1990)).

[59] *See Carr v. Town of Dewey Beach*, 730 F. Supp. 591, 605 (D. Del. 1990) (citing *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 695–701 (1978)).

11

treated as a single entity."[60]  Despite the fact that DPD may properly be considered a "person" within the meaning of Section 1983, it cannot be held liable under Section 1983 because it employed an alleged wrongdoer.[61]  Instead, a plaintiff seeking to impose Section 1983 liability on a municipality must allege that the municipality's "policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983."[62]  Shahin alleges no DPD policy, custom, or practice that caused an alleged constitutional violation, much less facts from which such a policy, custom, or practice could reasonably be inferred.

27.     Shahin also seeks an order requiring DPD to provide the results of its investigation into her "citizen complaint" concerning the named DPD officers.[63]  In support of this request, Shahin cites no Delaware statute, rule, or cause of action that authorizes this Court to compel production of internal investigatory materials.  Nor has Shahin pled a claim under the Delaware Freedom of Information Act or named DPD as a party.

28.     The Court will not entertain that request where Delaware law supplies a separate statutory mechanism for obtaining public records.  Under Delaware's Freedom of Information Act ("FOIA"), public records are generally open for inspection and copying, but requests must be made in writing to the appropriate

---

[60] *See Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 n.4 (3d Cir. 1997).

[61] *See Monell*, 436 U.S. at 690–94.

[62] *Murphy v. Walters*, 2025 WL 3162346, at *4 (Del. Super. Nov. 12, 2025) (citing *Monell*, 436 U.S. at 694).

[63] *See* Pl.'s Obj. to the Def.'s Mot. to Dismiss 4, 6 (D.I. 17).  The Court notes that Shahin indicated that she eventually received a response regarding her "citizen complaint" from DPD finding no violation of DPD rules or regulations by the officers.  Third Clarification 1 and Ex. A (D.I. 37).  She thereafter filed a complaint with the City of Dover Police Advisory Board, which responded that it was not authorized to consider her complaint.  Third Clarification 1–2 and Ex. B (D.I. 37).  Shahin does not make it clear whether, after receiving those responses, she still seeks an order compelling DPD to provide additional information regarding its investigation.  Nonetheless, because Shahin previously requested that relief, the Court addresses the request as though it remains operative.

12

public body and must adequately describe the records sought so that the public body can locate them with reasonable effort.[64] The public body must then respond in the manner required by statute, including by providing access, denying access, or advising that additional time is needed.[65] If access is denied, FOIA provides a statutory process for challenging that denial.[66] It is important to note, however, that not all public records are subject to disclosure under FOIA. FOIA specifically exempts nineteen (19) different categories of records from disclosure,[67] including "[i]nvestigatory files compiled for civil or criminal law-enforcement purposes . . . ."[68]

29. Shahin has not pled that she submitted a FOIA request to DPD, that DPD denied such a request, or that she pursued the statutory procedure for review of any denial. The Court will not allow Shahin to use this civil action against the State as a substitute for FOIA or as a vehicle to compel a nonparty to the action to disclose internal investigatory materials without first invoking the process the General Assembly provided for obtaining public records.

30. In sum, even accepting Shahin's allegations (i.e., those that are non-conclusory) as true, and construing her filings liberally, Shahin has not stated any reasonably conceivable claim for relief against the State. Shahin's assertions either seek improper review of the Court of Common Pleas proceedings, concern nonparties, are barred by sovereign or municipal immunity, or rest on conclusory assertions unsupported by specific facts.

---

[64] *See* 29 *Del. C.* § 10003(a), (f).
[65] *See id.* § 10003(h).
[66] 29 *Del. C.* § 10005(b), (c); *Kelly v. Del. Dep't of Just.*, 2026 WL 1648794, at *3–4 (Del. Super. May 29, 2026).
[67] 29 *Del. C.* § 10002(o)(1)—(19).
[68] *Id.* § 10002(o)(3).

31.    **WHEREFORE**, in light of the preceding considerations, the State's Motion to Dismiss is **GRANTED**, Shahin's Probation Request is **DENIED**, and Shahin's Petition for Writ of Habeas Corpus is **DENIED**.

32.    The Court further finds that Shahin has abused the judicial process by filing frivolous and repetitive submissions that seek to relitigate matters already decided by, or properly reviewable only through appeal from, the Court of Common Pleas. This action is not an isolated instance. As discussed *supra*, other courts have commented on Shahin's history of meritless litigation,[69] and the filings in this case follow the same pattern: Shahin has filed a Complaint, three "Clarifications," a Probation Request, a Habeas Petition, multiple objections, and a further notice accusing opposing counsel of dishonesty and incompetence, all while advancing claims foreclosed by settled law or directed at non-parties.

33.    In similar circumstances, the Superior Court has invoked 10 *Del. C.* § 8803(e) to prevent a litigant's continued frivolous filings from draining the Court's limited resources and adversely affecting the administration of justice.[70] The Delaware Supreme Court likewise has recognized that Section 8803(e) permits a court to enjoin future filings without leave of court when the filings constitute an abuse of the judicial process, even in the postconviction context,[71] where concerns over a party's ability to have their claims heard are more substantial than those in the civil litigation context.[72] Accordingly, pursuant to 10 *Del. C.* § 8803(e), Shahin is enjoined from filing any new civil complaint, petition, motion, pleading, or other

---

[69] *See* supra note 32.

[70] *See Truist Bank v. Elad*, 2023 WL 8582664, at *3 (Del. Super. Dec. 11, 2023).

[71] *See Matter of Epperson*, 350 A.3d 1222 (TABLE), 2025 WL 3113460, at *2 (Del. Nov. 5, 2025).

[72] *See, e.g., State v. Pruitt*, 805 A.2d 177, 181 n.14 (Del. 2002) ("[T]he liberty interests at stake in a criminal matter dictate an equal, if not greater, adherence to . . . due process requirements."); *Bovell v. Harrison*, 2023 WL 4105410, at *4 (Del. Super. June 20, 2023) ("[In a civil action], [n]o one's liberty is at stake and the rights protected assiduously in a criminal case are simply not present when the dispute is civil in nature.").

civil document in the Superior Court without leave of Court. This restriction does not affect Shahin's ability to file a notice of appeal in the Delaware Supreme Court in the instant case. The Prothonotary is instructed to reject any future civil filing from Shahin unless accompanied by an affidavit certifying that:

(1)     The claims sought to be litigated have never been raised or disposed of before any court;

(2)     The facts alleged are true and correct;

(3)     The affiant has made a diligent and good faith effort to determine what relevant case law controls the legal issues raised;

(4)     The affiant has no reason to believe the claims are foreclosed by controlling law; and

(5)     The affiant understands that the affidavit is made under penalty of perjury.

**IT IS SO ORDERED.**

_____
Noel Eason Primos, Judge

*Via File & ServeXpress & U.S. Mail*
oc:     Prothonotary
        Counsel of Record
        Nina Shahin – *Via U.S. Mail*

15